UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BLAKE DANIEL HULLIHEN,

    Petitioner,    Case No. 1:16-cv-1282

v.    Honorable Paul L. Maloney

PAUL KLEE,

    Respondent.
_____/

## **OPINION**

    This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner has failed to exhaust his available state-court remedies as to all claims raised in the petition. Because Petitioner has fewer than 60 days remaining in the limitations period for filing a habeas petition, the Court will not dismiss the action at this time, pending Petitioner's compliance with the further directions of this Court set forth in this opinion and attached order.

**Discussion**

      I.      Factual allegations

Petitioner Blake Daniel Hullihen presently is incarcerated at the Gus Harrison Correctional Facility. Following a jury trial in the Osceola County Circuit Court, Petitioner was convicted of two counts of second-degree murder, MICH. COMP. LAWS § 750.317, and two counts of possessing a firearm during the commission of a felony (felony firearm), MICH. COMP. LAWS § 750.227b. On March 1, 2013, the trial court sentenced him to two prison terms of 37 to 75 years on the murder convictions, and two consecutive terms of 2 years on the felony-firearm convictions.

Petitioner appealed his convictions and sentences to the Michigan Court of Appeals, raising five issues:

    I.    IN A MURDER CASE THE MANSLAUGHTER INSTRUCTION IS REQUIRED WHERE (1) THERE IS A HISTORY OF THREATS TO KILL DEFENDANT; (2) DECEDENT PULLED A SMALL DARK OBJECT FROM HIS POCKET; (3) THE PROSECUTOR'S SUMMARY OF EVIDENCE TO THE JURY ARGUED FROM THE EVIDENCE THAT DEFENDANT WAS "PISSED"; (4) DEFENDANT'S FIRST STATEMENT AFTER THE SHOOTING WAS THAT "I JUST LOST IT AND STARTED SHOOTING AND SHOOTING"; (5) THERE WERE 17 SHOTS KILLING TWO PEOPLE; AND (6) DEFENDANT'S TESTIMONY WAS THAT "I SNAPPED OR SOMETHING, I SWEAR IT WAS A GUN."

    II.    IN A SELF DEFENSE CASE BASED, INTER ALIA, ON UNCONTESTED EVIDENCE THAT ONE OF THE DECEASED PULLED A DARK OBJECT FROM HIS POCKET, FALSE ARGUMENT BY THE PROSECUTOR THAT THE[R]E WAS NO SELF DEFENSE BECAUSE THE DEFENDANT FIRST SHOT THE OTHER PE[]RSON, REQUIRES A NEW TRIAL.

    III.    AT SENTENCING NO SPECIFIC []REASON AND FACTS W[E]RE A[RT]ICULATED TO JUSTIFY THE UPWARD DEPARTURE.

    IV.    DEFENDANT'S SIXTH AND FOURTEENTH AMENDM[E]NT RIGHTS

>   WERE VIOLATED BY JUDICIAL FACT FINDING WHICH INCREASED THE FLOOR OF THE PERMISSIBLE SENTENCE IN VIOLATION OF ALLEYNE V UNITED STATES, 133 S CT 2151 (2013).
>
> V. DEFENSE COUNSEL'S FAILURE TO MAKE PROPER OBJECTIONS AND RECORD WAS CONSTITUTIONALLY INEFFECTIVE ASSISTANCE OF COUNSEL.

(Attach. A to Pet., ECF No. 1-1, PageID.16.)  In an opinion issued on May 22, 2014, the court of appeals affirmed the convictions and sentences.

Petitioner sought leave to appeal to the Michigan Supreme Court, raising the same five grounds presented to the court of appeals, together with two new grounds:

> V. I WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL BECAUSE MY ATTORNEY REFUSED TO/FAILED TO INVESTIGATE A MERITORIOUS INSANITY DEFENSE.
>
> VII. A PARTY MAY MOVE FOR A NEW TRIAL ON THE BASIS OF NEW EVIDENCE.

(Attach. B to Pet., ECF No. 1-1, PageID.17.) On February 3, 2015, the supreme court ordered that the case be held in abeyance pending that court's resolution of *People v. Lockridge*, No. 149073.  *See People v. Hullihen*, 858 N.W.2d 445 2015).  On October 28, 2015, the supreme court denied leave to appeal, concluding that Petitioner had failed to establish the threshold showing of plain error under *People v. Lockridge*, 870 N.W.2d 502 (Mich. 2015).  *See People v. Hullihen*, 870 N.W.2d 708 (Mich. Oct. 28,2 015).

Petitioner filed the instant habeas application on or about October 26, 2016.[1]  In his

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on October 26, 2016, and it was received by the Court on October 31, 2016. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date

application, he raises the seven issues presented to the Michigan Supreme Court.

## II. Failure to exhaust available state-court remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner alleges that he raised his first five issues in both the Michigan Court of Appeals and the Michigan Supreme Court. His final two issues, however, were raised for the first time in the

---

the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

Michigan Supreme Court. Presentation of an issue for the first time on discretionary review to the state supreme court does not fulfill the requirement of "fair presentation." *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Applying *Castille*, the Sixth Circuit repeatedly has recognized that a habeas petitioner does not comply with the exhaustion requirement when he fails to raise a claim in the state court of appeals, but raises it for the first time on discretionary appeal to the state's highest court. *See Skinner v. McLemore*, 425 F. App'x 491, 494 (6th Cir. 2011); *Thompson v. Bell*, 580 F.3d 423, 438 (6th Cir. 2009); *Warlick v. Romanowski*, 367 F. App'x 634, 643 (6th Cir. 2010); *Granger v. Hurt*, 215 F. App'x 485, 491 (6th Cir. 2007); *Dunbar v. Pitcher*, No. 98-2068, 2000 WL 179026, at *1 (6th Cir. Feb. 9, 2000); *Miller v. Parker*, No. 99-5007, 1999 WL 1282436, at *2 (6th Cir. Dec. 27, 1999); *Troutman v. Turner*, No. 95-3597, 1995 WL 728182, at *2 (6th Cir. Dec. 7, 1995); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *accord Parkhurst v. Shillinger*, 128 F.3d 1366, 1368-70 (10th Cir. 1997); *Ellman v. Davis*, 42 F.3d 144, 148 (2d Cir. 1994); *Cruz v. Warden of Dwight Corr. Ctr.*, 907 F.2d 665, 669 (7th Cir. 1990); *but see Ashbaugh v. Gundy*, 244 F. App'x 715, 717 (6th Cir. 2007) (declining to reach question of whether a claim raised for the first time in an application for leave to appeal to the Michigan Supreme Court is exhausted). Unless the state supreme court actually grants leave to appeal and reviews the issue, it remains unexhausted in the state courts. Petitioner's application for leave to appeal was denied, and, thus, the issue was not reviewed.

      An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the unexhausted issues he has presented in this application. He may file a motion for relief from judgment under MICH. CT. R. 6.500 *et. seq.* Under Michigan law, one

such motion may be filed after August 1, 1995. MICH. CT. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy. In order to properly exhaust his claim, Petitioner must file a motion for relief from judgment in the Osceola County Circuit Court. If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *See Duncan*, 513 U.S. at 365-66.

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such

review." Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application on October 28, 2015. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on January 26, 2016. Accordingly, Petitioner has one year, until January 26, 2017, in which to file his habeas petition. Petitioner filed the instant petition October 26, 2016.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 721. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to mandatory period of equitable tolling under *Palmer*).[2] At this time, Petitioner has less than sixty days remaining before the statute of limitations expires. Petitioner therefore would not have the necessary 30 days to file a motion for post-conviction relief or the additional 30 days to return to this court before expiration of the statute of limitations. As a result, were the Court to dismiss the petition without prejudice for lack of exhaustion, the dismissal could jeopardize the timeliness of any subsequent petition. *Palmer*, 276 F.3d at 781.

The Supreme Court has held, however, that the type of stay-and-abeyance procedure set forth in *Palmer* should be available only in limited circumstances, because over-expansive use of the

---

[2] The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

procedure would thwart the AEDPA's goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless" and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 278. Moreover, under *Rhines*, if the district court determines that a stay is inappropriate, it must allow the petitioner the opportunity to delete the unexhausted claims from his petition, especially in circumstances in which dismissal of the entire petition without prejudice would "unreasonably impair the petitioner's right to obtain federal relief." *Id.*

Consequently, if Petitioner wishes to pursue his unexhausted claims in the state courts, he must show cause within 28 days why he is entitled to a stay of these proceedings. Specifically, Petitioner must show: (1) good cause for his failure to exhaust before filing his habeas petition; (2) that his unexhausted claims are not plainly meritless; and (3) that he has not engaged in intentionally dilatory litigation tactics. *See Rhines*, 544 U.S. at 277-78. If Petitioner fails to meet the *Rhines* requirements for a stay or fails to timely comply with the Court's order, the Court will review only his exhausted claims. In the alternative, Petitioner may file an amended petition setting forth only his exhausted claims.

An Order consistent with this Opinion will be entered.


Dated:   December 19, 2016               /s/ Paul L. Maloney
                                         Paul L. Maloney
                                         United States District Judge